**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

WORLDWIDE AIRCRAFT
SERVICES, INC., d/b/a JET ICU,

      Plaintiff/Petitioner

v.                                                                    Case No. 8:24-cv-2527-TPB-LSG

UNITED HEALTHCARE,

      Defendant.

_____/

## ORDER DENYING PETITION TO CONFIRM ARBITRATION AWARD

This matter comes before the Court on "Worldwide Aircraft Services, Inc.'s
Second Amended Petition to Confirm Arbitration Award," filed on August 5, 2025.
(Doc. 40). Defendant/Respondent United HealthCare Services, Inc. ("United") filed
an answer on August 19, 2025. (Doc. 41). At the Court's direction, the parties filed
memoranda addressing certain dispositive legal issues. (Docs. 38; 42; 46). The
Court held a hearing on these issues on October 8, 2025. (Doc. 48). Based on the
parties' submissions, argument of counsel, the court file, and the record, the Court
finds as follows:

## Background

Plaintiff/Petitioner Worldwide Aircraft Services, Inc. ("Jet ICU") provided air
ambulance services to an individual covered by insurance issued and/or
administered by United.[1] Jet ICU, as an out-of-network provider, billed United for

---

[1] Defendant identifies itself as "United HealthCare Services, Inc." and there appears to be
no dispute that this is the same entity as the "United Healthcare" named in Jet ICU's
petition. Jet ICU filed this case based on diversity jurisdiction. The amount in controversy

the services in the total amount of $300,229.  United paid Jet ICU $157,702.25.

Contesting the amount of the payment, Jet ICU initiated an arbitration proceeding

under the No Surprises Act ("NSA"), 42 U.S.C. § 300gg-112.

The arbitrator's award determined that $141,026.75 was the proper payment

amount for the services Jet ICU provided.  Jet ICU filed a petition asking this Court

to confirm the award and enter judgment in the total amount of the award.  The

parties dispute the proper interpretation of the award and whether United owes

anything more than what it is already paid.  They also disagree on whether the

Court has authority to enforce the award.  The Court directed the parties to submit

briefing and thereafter heard argument on these issues.  The Court concludes that

it lacks authority to enforce the award and accordingly denies Jet ICU's petition.

## Analysis

The NSA prevents an out-of-network emergency provider, including an air

ambulance service such as Jet ICU, from balance-billing patients when insurers

decline to pay the provider's charge in full.  *See* 42 U.S.C. § 300gg-111; 42 U.S.C. §

300gg-112.  In place of the provider's ability to balance-bill patients, the statute

substitutes an arbitration or independent dispute resolution ("IDR") process.  The

NSA provides that the determination of the arbitrator or "IDR entity" resulting

---

exceeds $75,000.  Jet ICU is a Florida corporation with its principal place of business in
Florida.  The second amended petition alleges United has its principal place of business in
Minnesota but fails to allege its state of incorporation.  Further amendment to the petition
is unnecessary because United's counsel has represented that United is not a Florida
corporation, and the Court takes judicial notice of public records on the Minnesota
Secretary of State's website showing that United is incorporated is Minnesota.  *See, e.g.,*
*Powell v. Delta Airlines*, 145 F. Supp. 3d 189, 198 (E.D.N.Y. 2015).  Thus, diversity
jurisdiction is present.

from the IDR process as to the correct payment amount is "binding upon the parties" in the absence of evidence of fraud and "shall not be subject to judicial review, except in a case described in any of paragraphs (1) through (4) of section 10(a) of Title 9." *See* 42 U.S.C. § 300gg-111(c)(5)(E)(i)-(ii); § 300gg-112(b)(5)(D). The referenced statute relating to judicial review, § 10(a) of the Federal Arbitration Act ("FAA"), provides grounds for vacating arbitration awards. *See* 9 U.S.C. § 10(a). Notably, while the NSA references § 10(a) of the FAA, it omits any reference to § 9, which provides for confirming arbitration awards.

Analyzing these provisions, the Fifth Circuit in *Guardian Flight, L.L.C. v. Health Care Serv. Corp.*, 140 F.4th 271 (5th Cir. 2025), the only Court of Appeals decision on point, held that the NSA reveals no intent by Congress to provide a private right of action to enforce an IDR award. To the contrary, as the court explained, the statute points in the opposite direction: it expressly bars judicial review except in the situations described in § 10(a) of the FAA. *See id*. at 275. As noted above, § 10(a) deals with grounds for vacating an arbitral award. It says nothing about enforcement, which is addressed in § 9 of the FAA. *Id*. But the NSA does not incorporate § 9. Expressly referencing § 10 while omitting any reference to § 9 shows an intent to exclude the application of § 9. *See id*. at 277. Further, while omitting any provision for private confirmation or enforcement, Congress empowered the Department of Health and Human Services to assess penalties for failure to comply with the NSA. *Id*. The structure of the statute thus reveals an intent to enforce the NSA through administrative measures rather than private lawsuits.

A majority of the federal courts that have considered the issue, including Florida federal district courts, have similarly concluded that the NSA's IDR provisions do not give rise to a federal cause of action and that IDR awards are not enforceable under the FAA. *See, e.g., Modern Orthopaedics of NJ v. Premera Blue Cross*, No. 2:25-CV-01087 (BRM) (JSA), 2025 WL 3063648, at *5-14 (D.N.J. Nov. 3, 2025) (joining "the majority of other courts in holding that the NSA does not contain an implied right of action to enforce IDR awards," denying the motion to confirm the award, and dismissing the provider's complaint).[2]  The Court finds the reasoning of the Fifth Circuit and these other decisions persuasive and adopts it here.

Against this weight of authority, Jet ICU makes several arguments, all of which the Court finds unpersuasive.  The Court will note here only two points.  First, Jet ICU's reliance on *Cheminova A/S v. Griffin, L.L.C.*, 182 F. Supp. 2d 68 (D.D.C. 2002), is unavailing because that case addressed a different statutory scheme and relied on the notion that implying a cause of action was necessary in order to further the goals of the statute involved in that case (FIFRA).  But the

---

[2] *See Northeast Neurosurgical Assoc. v. Horizon Blue Cross Blue Shield of N.J.*, No. 25-06288 (SRC), 2025 WL 3282210, at *2-7 (D.N.J. Nov. 25, 2025); *E. Coast Advanced Plastic Surgery, LLC v. Cigna Health & Life Ins. Co.*, No. 25 CIV. 255 (PAE), 25 CIV. 1686 (PAE), 2025 WL 2371537, at *17 (S.D.N.Y. Aug. 14, 2025); *Worldwide Aircraft Servs., Inc. d/b/a Jet ICU v. Worldwide Ins. Servs., LLC d/b/a GeoBlue*, No 8:25-cv-167-MSS-NHA (M.D. Fla. Aug. 12, 2025) (appeal dismissed); *Jeffrey Farkas, M.D., LLC v. Horizon Blue Cross Blue Shield of N.J.*, No. 25-CV-00054 (HG), 2025 WL 1860241, at *5-6 (E.D.N.Y. July 2, 2025); *Drs. Ellis, Rojas, Ross & Debs, Inc. v. UMR, Inc.*, No. 24-CV-20428-GAYLES, 2025 WL 742761, at *3 (S.D. Fla. Mar. 9, 2025), *appeal dismissed*, No. 25-11110-HH, 2025 WL 1835950 (11th Cir. June 13, 2025); *see also Med-Trans Corp. v. Capital Health Plan, Inc.*, 700 F. Supp. 3d 1076, 1082-84 (M.D. Fla. 2023) (holding that the NSA does not incorporate FAA provisions other than § 10(a) and that the FAA does not presumptively apply to NSA IDR awards), *aff'd sub nom. Reach Air Med. Servs. v. Kaiser Foundation Health Plan, Inc.*, No. 24-10135, – F.4th – , 2025 WL 3222820 (11th Cir. Nov. 19, 2025).

desirability of enforcement to further statutory goals cannot support the creation of an implied private cause of action in the absence of legislative intent to do so as shown by the terms of the statute itself.  *See, e.g.*, *In re Wild*, 994 F.3d 1244, 1255 (11th Cir. 2021) (en banc).  Second, Jet ICU's argument that it has a freestanding cause of action under § 9 of the FAA, wholly apart from the NSA, fails because § 9 is expressly premised on the existence of an agreement to arbitrate.  *See* 9 U.S.C. § 9 (providing for application for confirmation of an award "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration").  There is no such agreement in this case, and therefore no basis to invoke § 9.

## Conclusion

For the foregoing reasons, the Court concludes that Jet ICU's petition to confirm the award must be denied because the Court lacks authority to enforce or confirm the award.[3]  Accordingly, the Court need not reach the issue of the proper interpretation or enforcement of the award.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

---

[3] Some courts have treated a lack of authority to enforce an award under the NSA as an issue of subject matter jurisdiction.  *See, e.g.*, *Worldwide Aircraft Servs., Inc. d/b/a Jet ICU v. Worldwide Ins. Servs., LLC d/b/a GeoBlue*, No. 8:25-cv-167-MSS-NHA (M.D. Fla. Aug. 12, 2025) (appeal dismissed).  Other courts appear to treat the matter as one of failure state a claim.  *See, e.g.*, *Guardian Flight LLC v. Health Care Serv. Corp.*, 735 F. Supp. 3d 742, 749 (N.D. Tex. 2024), *aff'd sub nom. Guardian Flight, L.L.C. v. Health Care Serv. Corp.*, 140 F.4th 271 (5th Cir. 2025).  To the extent the issue is one of subject matter jurisdiction, the Court alternatively dismisses the petition for lack of jurisdiction.

1. "Worldwide Aircraft Services, Inc.'s Second Amended Petition to Confirm Arbitration Award" (Doc. 40) is **DENIED**.

2. The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 28th day of November, 2025.

TOM BARBER
UNITED STATES DISTRICT JUDGE